## In re D'ARCY.

### No. 8612.

Circuit Court of Appeals, Third Circuit.

Argued by Counsel for Appellant
Jan. 9, 1945.

Decided Feb. 12, 1945.

See, also, 142 F.2d 313.

Henry W. Parker, of New York City, for appellant.

Counsel for appellee did not file a brief or argue.

Before GOODRICH and McALLISTER, Circuit Judges, and GIBSON, District Judge.

GIBSON, District Judge.

The Morris Plan Industrial Bank of New York, a creditor of the bankrupt, objected to the defendant's discharge. The Referee overruled the objection and upon review was sustained by the court. The action of the court in sustaining the Referee's ruling is the basis of the instant appeal.

Martin William D'Arcy, the bankrupt, on December 12, 1940, obtained a loan of $1,080 from the objecting creditor. Of that amount $674 was retained by the Bank, with consent of the bankrupt, to take care of two debts to other creditors. The loan was never fully paid.

At the time the loan was made, and as inducing it, D'Arcy gave a statement to the Bank wherein he alleged that other than the indebtedness to Fidelity Union Trust Company, in amount of $374, and that to the Household Finance Corporation, in amount of $270, he had no other outstanding obligation to any bank, loan company or financial corporation, and that no judgments or legal proceedings existed against him. The appellant asserted that his financial statement was materially false, and upon that charge based its main objection to the discharge of the bankrupt. In its objection it also averred that bankrupt misrepresented his earnings, but practically abandoned this charge before the Referee.

Some five hearings were conducted by the Referee, at which a considerable amount of conflicting and confusing testimony was introduced. As a net result of the hearings, however, it developed that D'Arcy had not correctly stated the amount of his obligations and that he was, with one George O. Kamper, bound on a note to the Franklin Loan Company upon which $56.68 was due at the time his financial statement was given to the Morris Plan Industrial Bank. The Referee, however, held that the circumstances connected with this obligation were such as to relieve the bankrupt of any charge that his statement was wilfully false, and that D'Arcy, as a layman, might well believe himself free of any obligation under the note.

Martin William D'Arcy and one George O. Kamper on September 8, 1938, had endorsed a note for one Klein which was delivered to the Franklin Loan Company. The Loan Company brought suit against the maker and endorsers and, the maker having disappeared, the endorsers were required to pay the balance due. The matter was adjusted by D'Arcy paying half of the indebtedness and the Loan Company accepting a note, made by D'Arcy and guaranteed by Kamper, to take care of Kamper's share of the amount due. This note was dated about four months prior to the alleged false statement to the Morris Plan Industrial Bank. As stated, at the time the statement was made, $56.68 of the original amount of $120 remained unpaid. Later the Loan Company brought suit against Kamper alone, and he paid the amount due.

The Referee rejected the application for a note dated October 27, 1939, when offered in evidence by the appellant, but the existence of a note of October 30, 1939, was established by the evidence of one Anker, an employe of the Loan Company. While the Referee appears to have overlooked this uncontradicted testimony and the fact that an obligation for $56.68 actually existed when the financial statement was made, he seems to have been quite justified in his general finding that the evidence established that D'Arcy was not guilty of a wilful intent to deceive by his failure to include that sum with his other obligations in his statement to the Morris Plan Industrial Bank. The debt was primarily that of Kamper, and was so regarded by the Loan Company as well as by D'Arcy. A definite understanding to that effect existed between the Loan Company, D'Arcy and Kamper, and the Loan Company followed it to the extent of bringing suit against Kamper alone and collecting the balance due from him. Although the statement to the appellant was not correct, the Referee was justified by the evidence in his finding that D'Arcy had not made it with knowledge of its falsity and with intent to the defraud the Bank.

In sustaining the Referee's order for the discharge of the bankrupt the District Court, under the proofs, was not in error. Its judgment is affirmed.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.